**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 20, 2013**

# In the Court of Appeals of Georgia

A13A0517. PEACH COUNTY SCHOOL DISTRICT v. AUSTIN.

A13A0625. AUSTIN v. CLARK et al.

MCFADDEN, Judge.

Donna Austin filed a complaint seeking recovery for personal injuries allegedly sustained when she fell on a sidewalk as she was leaving a graduation ceremony at Peach County High School. She filed the lawsuit against the Peach County School District; Susan Clark, the Superintendent of Peach County Schools; C. B. Mathis, the Assistant Superintendent of Facilities of Peach County Schools; Bruce Mackey, the Principal of Peach County High School; and Chad Sanders, the Director of Maintenance of Peach County Schools. The defendants filed a joint motion to dismiss the complaint, asserting that the claims against the school district are barred by the doctrine of sovereign immunity and that the claims against the individual defendants

are barred by the doctrine of official immunity. The trial court denied the motion to dismiss as to the school district, but granted the motion as to the individual defendants. In Case No. A13A0517, the school district appeals from the denial of its motion to dismiss; and in Case No. A13A0625, Austin appeals from the grant of the individual defendants' motion to dismiss. Because the claims against the school district are barred by the doctrine of sovereign immunity and the claims against the individual defendants are barred by the doctrine of official immunity, we reverse the judgment of the trial court in Case No. A13A0517 and affirm its judgment in Case No. A13A0625.

*Case No. A13A0517.*

1. *Sovereign immunity.*

The Georgia Constitution provides that "sovereign immunity extends to the state and all of its departments and agencies." Ga. Const. 1983, Art. I, Sec. II, Par. IX (e); *Gilbert v. Richardson*, 264 Ga. 744, 746-747 (2) (452 SE2d 476) (1994). This immunity extends to county school districts, like Peach County School District, because they are political subdivisions of the state. *Harper v. Patterson*, 270 Ga. App. 437, 438 (1) (a) (606 SE2d 887) (2004); *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149) (1995). "Sovereign immunity is not an affirmative

defense that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the [s]tate, and the waiver must be established by the party seeking to benefit from the waiver." *Bomia v. Ben Hill County School Dist.*, 320 Ga. App. 423, 424 (740 SE2d 1850 (2013) (citation omitted).

In this case, Austin argues that the Peach County School District waived its sovereign immunity by purchasing liability insurance. However, this very argument that "by having liability insurance the school district has waived sovereign immunity has been decided adversely to [Austin]." *Dollar v. Dalton Public Schools*, 233 Ga. App. 827, 828 (1) (b) (505 SE2d 789) (1998) (citations omitted).

> The Georgia Tort Claims Act provides for a limited waiver of the state's sovereign immunity for the torts of its officers and employees, but it expressly excludes school districts . . . from the waiver. Although the 1991 amendment to Art. I, Sec. II, Par. IX does not restrict the legislature's authority to waive sovereign immunity to the Georgia Tort Claims Act, any such waiver must be by a legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver. We cannot find and appellant[] do[es] not cite us to any promulgated legislative act which specifically provides that the sovereign immunity of school systems has been waived and the extent of such waiver. Moreover, the provisions of OCGA § 20-2-991, authorizing the purchase of liability insurance by the board of control or education of various school systems and related educational institutions, do not provide for a waiver of sovereign immunity as contemplated by the 1991 constitutional amendment. There has been no waiver of

3

[sovereign] immunity by the mere existence of the school system's liability policy.

*Crisp County School Sys. v. Brown*, 226 Ga. App. 800, 801 (1) (487 SE2d 512) (1997) (citations and punctuation omitted). See also *Coffee County School Dist.,* supra at 296 (since there was no legislative act specifically providing that the sovereign immunity of the school district was waived and the extent of such waiver, school district was protected from suit by sovereign immunity). Because Austin has failed to carry her burden of establishing that there was a waiver of sovereign immunity by the Peach County School District, the trial court erred in refusing to dismiss the claims against the school district on the basis of sovereign immunity. See *Upper Oconee Basin Water Auth. v. Jackson County*, 305 Ga. App. 409, 412 (1) (699 SE2d 605) (2010) (motion to dismiss asserting sovereign immunity is based upon the trial court's lack of subject matter jurisdiction rather than merits of the complaint).

*Case No. A13A0625.*

2. *Official immunity.*

Austin contends that the trial court erred in finding that the claims against the individual defendants are barred by official immunity. We disagree.

> The doctrine of official immunity, also known as qualified immunity, offers public officers and employees limited protection from

4

suit in their personal capacity. Qualified immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure.

*Cameron v. Lang*, 274 Ga. 122, 123 (1) (549 SE2d 341) (2001) (citations omitted). It is undisputed that the doctrine of official or qualified immunity applies to the employees of county-wide school districts. *Cosby v. Lewis*, 308 Ga. App. 668, 671 (1) (708 SE2d 585) (2011). Moreover, qualified immunity is an entitlement not to stand trial, rather than a mere defense to liability, and "courts must consider the issue of a government employee's qualified immunity from liability as the threshold issue in a suit against the officer in his [or her] personal capacity." *Cameron*, supra at 124 (1).

Austin alleges in her complaint that she was on school district property when she stepped from a sidewalk into a roadway and her leg became lodged in an opening on the curb where water drains from the roadway. Austin argues that the individual defendants negligently performed the ministerial duties of inspecting, maintaining and repairing the sidewalk and road where she fell. Thus, the threshold issue that

5

must be determined is whether the alleged duties to inspect, maintain and repair school district property were ministerial or discretionary.

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. Procedures or instructions adequate to cause an act to become merely ministerial must be so clear, definite and certain as merely to require the execution of a relatively simple, specific duty.

*Whitfield v. Brown*, 318 Ga. App. 391, 392 (734 SE2d 98) (2012) (citations omitted).

Contrary to Austin's argument that the alleged duties were ministerial, it has previously been "held that absent a specific and clear procedure or method for dealing with hazards on school property, the methods used to eliminate or avoid a hazard are left to the discretion of the school district employees." *Scott v. Waits*, 306 Ga. App. 860, 865 (703 SE2d 419) (2010). In this case, Austin has pointed to no specific and clear procedures or methods for dealing with the purported hazard created by the drainage opening on the curb. Under such circumstances, "we [have] recognized that school administrators or teachers having responsibility for inspecting school property for hazards, deciding what constitutes a hazard, selecting appropriate methods for correction of hazards, and creating priorities and a schedule for corrections are

6

involved in the exercise of discretionary functions." *Golden v. Vickery*, 285 Ga. App. 216, 220 (645 SE2d 695) (2007) (citation omitted). Because the alleged duties involved here were discretionary, the trial court correctly dismissed the negligence claims against the individual defendants on the basis of their official immunity. See *Hemak v. Houston County School Dist.*, 220 Ga. App. 110 (469 SE2d 679) (1996) (school officials entitled to official immunity for discretionary acts related to the repair of a storm drain grate in a roadway).

*Judgment reversed in Case No. A13A0517, and judgment affirmed in Case No. A13A0625. Doyle, P. J., and Boggs, J., concur.*