Melton, Justice.
Donna Austin filed a complaint seeking recovery for personal injuries allegedly sustained when she fell on a sidewalk as she was leaving a graduation ceremony at Peach County High School. As is relevant here, she filed the suit against Susan Clark, the Superintendent of Peach County Schools; C.B. Mathis, the Assistant Superintendent of Facilities of Peach County Schools; Bruce Mackey, the Principal of Peach County High School; and Chad Sanders, the Director of Maintenance of Peach County Schools. Austin alleges in her complaint that she was on school district property when she stepped from a sidewalk into a roadway and her leg became lodged in an opening on the curb where water drains from the roadway. Austin alleges that the individual defendants negligently performed the ministerial duties of inspecting, maintaining and repairing the sidewalk and road where she fell.
Pursuant to OCGA § 9-11-12 (b) (6), the individual defendants filed a motion to dismiss the complaint, asserting that the claims against them were barred by the doctrine of official immunity. The trial court granted the motion to dismiss, and the Court of Appeals affirmed. See Austin v. Clark, 322 Ga. App. 368 (745 SE2d 293) (2013).[1] Thereafter, we granted certiorari to determine whether the *774 Court of Appeals erred in affirming the trial court’s order granting the individual defendants’ motion to dismiss based upon official immunity. For the reasons set forth below, we reverse.
As the parties and the Court of Appeals have pointed out, the pivotal determination in this case is whether the school officials’ actions or inactions constitute the violation of a ministerial or discretionary duty.
The doctrine of official immunity, developed primarily in Georgia through case law, provides that while a public officer or employee may be personally liable for his negligent ministerial acts, he may not be held liable for his discretionary acts unless such acts are wilful, wanton, or outside the scope of his authority. See Hennessy v. Webb, 245 Ga. [329, 331 (264 SE2d 878) (1980)]; OCGA § 36-33-4; Sentell, Individual Liability in Georgia Local Government Law: The Haunting Hiatus of Hennessy, 40 Mercer L. Rev. 27 (1988).
(Punctuation omitted.) Gilbert v. Richardson, 264 Ga. 744, 752 (6) (452 SE2d 476) (1994).* [2] Furthermore,
[a] ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.
(Citation omitted.) Common Cause/Georgia v. City of Atlanta, 279 Ga. 480, 482 (2) (614 SE2d 761) (2005).
The answer to this pivotal distinction between a discretionary and a ministerial duty is highly fact-specific, and, due to the current procedural posture of this case, cannot be definitively answered.
A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of *775 provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.... In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party’s favor.
Anderson v. Flake, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997). In other words,
[a] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.
(Citation and punctuation omitted.) Bourn v. Herring, 225 Ga. 67, 70 (3) (166 SE2d 89) (1969).
As the individual defendants concede, discovery in this case has been extremely limited and the record, to date, contains no job descriptions for the individuals being sued. At this time, it cannot be said that the allegations of the complaint disclose with certainty that Austin would not be entitled to relief under any state of provable facts asserted in support. For example, there conceivably could be evidence of some explicit detailed laundry list of discrete tasks each individual defendant was required to perform on graduation night to ensure that all curbs and water drains around the school were in a safe condition. See, e.g., Ga. Dept. of Transp. v. Heller, 285 Ga. 262, 267 (2) (674 SE2d 914) (2009) (taxicab inspector’s duty to inspect tires pursuant to a city ordinance was ministerial in nature). At this stage in the litigation, it does not matter that the existence of such a laundry list is unlikely. For the same reason, contrary to the finding of the Court of Appeals, it does not matter that “Austin has pointed to no specific and clear procedures or methods for dealing with the purported hazard created by the drainage opening on the curb.” This is factual evidence which may or may not be developed during discovery and can be considered on a subsequent motion for summary judgment. As the record stands, however, the trial court improperly granted the individual defendants’ motion to dismiss, and the Court of Appeals erred by affirming the trial court.

Judgment reversed.

All the Justices concur.

 Austin also filed suit against the Peach County School District. Like the individual defendants, the School District filed a motion to dismiss, which the trial court denied. The Court of Appeals ruled, however, that the trial court should have granted the School District’s motion *774 to dismiss because it was entitled to sovereign immunity. This ruling by the Court of Appeals was not appealed, and it plays no part in our analysis of the present case.

 The doctrine of official immunity has now been incorporated into the state constitution. See Ga. Const, of 1983, Art. I, Sec. II, Par. IX.