# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2015

*The Court of Appeals hereby passes the following order:*

## A15A0878.  RIVERA v. WASHINGTON.

Akeem Washington filed this action against Bryan County probation officer Shannon R. Rivera and her secretary Tina Ellis. Washington alleges that Rivera and Ellis failed to perform their respective ministerial duties when they prepared and swore out an arrest warrant for Washington even though Washington had already paid a speeding fine, which should have fulfilled the conditions of the 12-month probation imposed by the trial court for that offense. Washington also alleges that as a result of his wrongful arrest, he was fired from his job as a state corrections officer.

Rivera filed a motion to dismiss on the ground that she was immune from suit. The trial court denied the motion to dismiss, noting that the pleadings "leave open questions concerning the relationship of the defendants to both judicial authority [and] the functions of state government," questions which "may be answered" by further discovery in the case. Rivera now appeals under the collateral order doctrine, which authorizes a direct appeal from an order denying a motion to dismiss "based on a conclusive determination that the State (or a state officer or employee) is not immune from suit of the basis of sovereign immunity." *Board of Regents v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009); see also *Liberty Cty. School Dist. v. Halliburton*, 328 Ga. App. 422, 425-426 (2) (762 SE2d 138) (2014) (authorizing direct appeal of denial of motion to dismiss when trial court's rejection of county employees' defenses of sovereign and qualified immunity was "conclusive").

This trial court specifically held that further discovery was necessary in order to determine whether these two defendants would be entitled to qualified immunity, and the parties' briefs below indicate that the extent of county probation officers' immunity is not a matter of well-settled Georgia law. Because the trial court expressly refused to make any conclusive determination on this issue, and because the record shows that the matter cannot be disposed of as a matter of law at this stage in the proceedings, the collateral order doctrine does not apply, and Rivera was required to comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b) in order to obtain an appeal from the trial court's order. Rivera's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,_____01/30/2015_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*