**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 1, 2015**

# In the Court of Appeals of Georgia

A15A0066. THOMAS v. GREGORY.

MCMILLIAN, Judge.

David Neil Thomas filed a complaint seeking recovery for injuries sustained when DeKalb County police officer Nathan C. Gregory placed him under arrest after erroneously entering the model number rather than the serial number of Thomas's handgun while checking the gun's registration, leading to an incorrect return that the gun had been stolen. Pursuant to OCGA § 9-11-12 (b) (6), Gregory filed a motion to dismiss, asserting that Thomas's claims were barred by the doctrine of official immunity. The trial court granted his motion, finding that Thomas's complaint alleged a discretionary act rather than a ministerial one. Thomas now appeals, and for the reasons discussed below, we reverse.

"On appeal, we review a trial court's decision to grant or deny a motion to dismiss de novo." *Liberty County School Dist. v. Halliburton*, 328 Ga. App. 422, 423 (762 SE2d 138) (2014).[1] And "[i]n reviewing the grant of a motion to dismiss, an appellate court must construe the pleadings in the light most favorable to the appellant with all doubts resolved in the appellant's favor." (Citation and punctuation omitted.) *Ewing v. City of Atlanta*, 281 Ga. 652, 653 (2) (642 SE2d 100) (2007). We may also consider any exhibits attached to and incorporated into the complaint and the answer, also construing them in the appellant's favor. *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 89 (2) (764 SE2d 398) (2014).

As alleged in Thomas's complaint, on November 6, 2011, Gregory, along with two John Doe defendants,[2] responded to a call regarding a fight at Major Bar & Grill on Northlake Parkway in Norcross. Thomas, who denies any involvement in that fight, was exiting the parking lot when he was pulled over and questioned by

---

[1] Although the record shows that the trial court granted Gregory's motion as one for summary judgment, for the reasons discussed in Division 1, we likewise review a trial court's decision to grant a motion for summary judgment de novo, viewing the evidence in the light most favorable to the nonmovant. See *Godwin v. Mizpah Farms, LLLP*, 330 Ga. App. 31, 31 (766 SE2d 497) (2014).

[2] There is no indication in the record that the John Does were identified below, and only Gregory is a party to this appeal.

Gregory. Thomas advised the officers that he had two weapons, which he had purchased new, and that he had a license for both weapons. One was a Smith & Wesson 9mm, model number SW9VE. Thomas was placed in the back of a patrol vehicle while Gregory ran the weapons through the National Crime Information Center ("NCIC") database to determine whether they were stolen. According to Thomas, he witnessed Gregory input the model number as the serial number in the NCIC database search and informed him that he was entering the wrong number as the serial number. Gregory denied that he was inputting the wrong number and told Thomas that "he could do what he wanted." As a result of the input error, the weapon was shown as stolen, and an arrest warrant was obtained against Thomas for theft by receiving stolen property.

In his complaint, Thomas alleges that Gregory's incorrect entry of the model number into the NCIC database violated the DeKalb County policy of "Neglect of Duty."[3] He further alleges the duty to properly identify and enter the serial number of a weapon into the NCIC database was "simple, absolute and, definite, arose under conditions admitted or proved to exist, and required merely the execution of a specific

_____

[3] As alleged by Thomas, that policy states: "Neglect of Duty is prohibited. To this end, there shall be no failure to give suitable attention to the performance of duty."

3

duty," and that Gregory negligently performed that duty. Thomas sought damages for alleged physical, emotional, and mental injuries arising from Gregory's conduct, as well as expenses incurred in connection with the defense of the criminal proceedings against him,[4] which were proximately caused by Gregory's "failure to exercise ordinary care in the performance of [his] ministerial duty."

In his answer, Gregory admitted mistakenly entering the model number as a serial number, but denied liability pursuant to the doctrine of official immunity and simultaneously filed a motion to dismiss for failure to state a claim on December 6, 2013.[5] In its January 31, 2014 order, the trial court recited that Gregory had filed a "Motion for Summary Judgment," and after finding that Thomas did not allege any policy that specifically requires a police officer to accurately transcribe a serial number, granted Gregory's "Motion for Summary Judgment." On March 3, 2014, Thomas filed a notice of appeal from the trial court's order granting Gregory's motion for summary judgment. Then, on March 10, 2014, the trial court entered an amended

_____

[4] Attached to Thomas's complaint was a directed verdict in his favor following a criminal trial on August 22, 2012.

[5] It appears from the record that Thomas did not file an opposition to the motion to dismiss.

order, stating that its March 3, 2014 order should have referenced a motion to dismiss, not a motion for summary judgment.

1. We first address Thomas's contention that the trial court lacked jurisdiction to amend its March 3, 2014 order after he filed a notice of appeal. In its order, the trial court relied on OCGA § 9-11-60 (g) to correct a "clerical mistake."[6] However, our Supreme Court has explained that

> not even that option is available since the filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect.

(Citations omitted.) *Upton v. Jones*, 280 Ga. 895, 896 (1) (635 SE2d 112) (2006) (lower court has no ability to correct clerical mistake pursuant to OCGA § 9-11-60 (g) once notice of appeal is filed). Thus, the trial court's amended order "cannot be considered for purposes of this appeal, even if a remand becomes necessary as a consequence." (Citation and punctuation omitted.) Id.

---

[6] OCGA § 9-11-60 (g) provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

2. Turning to the trial court's original order, Thomas asserts that because the trial court erroneously treated Gregory's motion as one for summary judgment, it applied an incorrect legal standard and failed to provide the requisite notice to the parties that it intended to convert the motion to dismiss into a motion for summary judgment. OCGA § 9-11-12 (b) provides that "[i]f, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ." Once the motion has been so converted, "all parties shall be given reasonable opportunity to present all material made pertinent to [a motion for summary judgment]." Id. See also *Sumner v. Dept. of Human Resources*, 225 Ga. App. 91, 93 (2) (483 SE2d 602) (1997) ("Although our law concerning motions for summary judgment allows a trial court to grant, sua sponte, a summary judgment, a trial court's authority to do so is not unlimited.") (citation and punctuation omitted).

Although it does not appear from the record that the trial court considered any matters outside the pleadings, we are faced with an order expressly stating that it granted a motion for summary judgment. Because this order was entered without providing Thomas an opportunity to present all material made pertinent to a motion

6

for summary judgment, we are required to remand so that Thomas may be given fair notice and an opportunity to respond. See *Simmons v. Brady*, 251 Ga. App. 717, 718 (1) (555 SE2d 94) (2001) ("This opportunity consists of notice that the motion will be converted and an opportunity to submit evidence and be heard within 30 days.") (citations omitted); *Sumner*, 225 Ga. App. at 93 (2) ("While the record as it stands *may support* the trial judge's ruling, it also shows that the appellant was not notified that the trial court intended to rule upon the merits of her claim and that she was not provided a full and final opportunity to respond to the court's sua sponte review.") (citation and punctuation omitted; emphasis in original).

3. Because it is unclear from the record whether the trial court, on remand, will readdress Gregory's motion as a motion to dismiss, we will consider Thomas's alternative enumeration of error that, even if we treat the order as granting a motion to dismiss, the trial court erred when it disregarded the allegations of the complaint to find that Gregory's duties were discretionary. [7]Our Supreme Court has recently reiterated that a motion to dismiss should not be granted unless "the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief

---

[7] See, e.g., *Hand v. S. Ga. Urology Ctr., P.C*, __ Ga. App. __ (2) (Case No. A14A1854, decided March 16, 2015); *City of Atlanta v. Bennett*, 322 Ga. App. 726, 732 (2) (746 SE2d 198) (2013).

under any state of provable facts asserted in support thereof[.]" (Citation omitted.) *Austin v. Clark*, 294 Ga. 773, 774-775 (755 SE2d 796) (2014). Therefore, the movant must establish that the plaintiff cannot possibly introduce evidence within the allegations of the complaint entitling him to the relief sought. Id. at 774-775.

Here, as in *Austin,* "the pivotal determination of this case is whether [Gregory's] actions or inactions constitute the violation of a ministerial or discretionary duty." 294 Ga. at 774. Under Georgia law, the doctrine of official immunity "provides that while a public officer or employee may be personally liable for his negligent ministerial acts, he may not be held liable for his discretionary acts unless such acts are wilful, wanton, or outside the scope of his authority." (Citations omitted.) Id. An act is ministerial if it is "simple, absolute, and definite, arising under conditions admitted or proved to exist, and merely requiring the execution of a specific duty." Id. However, a discretionary act "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Id. (noting that the distinction between the two types of acts is highly fact-specific). The "Neglect of Duty" policy identified by Thomas in his complaint clearly does not define an act that is "simple, absolute, and definite" or that requires merely "the

8

execution of a specific duty." See *Grammens v. Dollar*, 287 Ga. 618, 620 (697 SE2d 775) (2010) (comparing cases that have found written policies requiring ministerial acts).

However, although the trial court correctly found that Thomas has not pointed to any specific policy requiring Gregory to accurately input a serial number into the NCIC database, without the benefit of any discovery the highly fact-specific inquiry of whether the act complained of was ministerial or discretionary cannot be definitively answered at the motion to dismiss stage. See *Austin*, 294 Ga. at 774. And, "it does not matter that [Thomas] has pointed to no specific and clear procedures or methods for dealing with [the inputting of serial numbers]. This is factual evidence which may or may not be developed during discovery and can be considered on a subsequent motion for summary judgment." (Punctuation omitted.) Id. at 775. Thus, even if it was the trial court's intent to grant the motion to dismiss, it was improper at this early stage of the case.[8] See *Marshall v. McIntosh County*, 327 Ga. App. 416,

---

[8] We echo, however, Justice Nahmias's observation that the trial court may "exercise its broad discretion to enter protective orders governing discovery . . . to focus discovery initially on the issue of whether any applicable ministerial duties existed." (Citations omitted.) *Austin*, 294 Ga. at 776-777 (Nahmias, J., concurring). "If this initial and limited stage of discovery produces the likely result – that no such ministerial duty exists – then the defendants could move for summary judgment to end the case. If [the plaintiff] does find evidence of such a duty, more extensive and

420 (3) (759 SE2d 269) (2014) ("At this early stage of the case, it was premature for the trial court to conclude that [defendant's] duties were discretionary rather than ministerial . . . ."). Accordingly, the trial court's order is reversed, and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Barnes, P. J., and Ray, J., concur.*

---

expensive discovery into the issues of breach of the duty, causation, and damages could proceed and would be warranted." Id.