# Court of Appeals
# of the State of Georgia

ATLANTA,  February 16, 2016

*The Court of Appeals hereby passes the following order:*

## A16I0127.  GWINNETT COUNTY et al. v. JOHN NEWTON.

John Newton filed this civil action against Gwinnett County and the Gwinnett County Sheriff in his official capacity.  Newton asserted that he was entitled to damages for injuries he sustained while being unloaded from a bus that had transported him from the Gwinnett County Jail to the Gwinnett County Justice Center.  The defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted, on the ground that Newton's claims are barred by sovereign immunity.  The trial court summarily denied the motion to dismiss without explanation.  The court subsequently certified its order for immediate review, and the defendants filed this application for interlocutory appeal.

Ordinarily, the denial of a motion to dismiss is an interlocutory order, and can be appealed only through the interlocutory appeal procedure.  See OCGA § 5-6-34 (b).  Under the collateral order doctrine,[1] however, a direct appeal may be had from "an order that denies a motion to dismiss, based on a conclusive determination that the State (or a state officer or employee) is not immune from suit on the basis of sovereign immunity."  *Bd. of Regents v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009).  This proposition is based on the principle that "sovereign immunity is

---

[1] Under this doctrine, an interlocutory order may be appealed directly if it: "(1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal." *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007) (punctuation omitted).

an immunity from suit, rather than a mere defense to liability, and is effectively lost if a case is erroneously permitted to go to trial." Id.

Here, the sole basis for the defendants' motion to dismiss was that they are immune from suit based on the facts alleged in Newton's complaint. The trial court's summary denial of this motion thus conclusively determined that the defendants are not entitled to sovereign immunity from suit arising out of those factual allegations. See *Liberty County School Dist. v. Halliburton*, 328 Ga. App. 422, 425-426 (2) (762 SE2d 138) (2014) (holding that the defendants were entitled to a direct appeal from the denial of their motion to dismiss based on sovereign immunity, notwithstanding the trial court's failure to explain its ruling); see also *Dept. of Transp. v. Jarvie*, 329 Ga. App. 681, 682, n. 2 (766 SE2d 94) (2014) (concluding that the trial court's one-sentence order denying the defendant's motion to dismiss based on sovereign immunity was directly appealable). "This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486, n. 1 (602 SE2d 246) (2004).

Accordingly, this application for interlocutory appeal is hereby GRANTED. The defendants shall have ten days from the date of this order to file a notice of appeal in the trial court, if one has not already been filed. The trial court clerk is instructed to include a copy of this order in the appellate record.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/16/2016
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*