**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BETHEL and GOBEIL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 6, 2018**

# In the Court of Appeals of Georgia

A17A2091. IN RE ESTATE OF RUSSELL.

McFADDEN, Presiding Judge.

This court is a court of review. We cannot receive evidence. We can only consider evidence that had been received by the trial court. And when that evidence is in conflict, we must defer to the trial court about whom to believe. Our authority to reverse the decisions of trial courts is limited to cases where they have failed to follow controlling legal rules, where they have overstepped the boundaries of their broad discretion, or where their rulings are unsupported by any evidence.

It is difficult to craft an argument adjusted to those constraints on our authority. Litigants often fail in their efforts to do so, particularly pro se litigants. So it is in this case.

Melanie Yeaton filed this pro se appeal challenging a probate court order denying her petition to remove a guardian. Because she has failed to carry her burden of showing error by the record, we affirm.

1. *Appellant's brief.*

At the outset, we note that Yeaton's appellate brief fails to comply with this court's rules. Among other deficiencies, the brief does not contain any citations to the record; does not contain a proper enumeration of errors, and instead lists several Georgia code sections as a purported enumeration of errors; does not state how any purported error was preserved for consideration; does not state any applicable standards of review; and does not contain any meaningful argument, relying instead upon allegations of fact unsupported by any citations to the record. See Court of Appeals Rule 25. Yeaton has also improperly attached approximately 20 pages of documents to her brief. See Court of Appeals Rule 24 (g).

Yeaton's "pro se status does not excuse [her] from compliance with the substantive and procedural requirements of the law, including the rules of this [c]ourt." *Clemmons v. State*, 340 Ga. App. 57, 58 (1) (796 SE2d 297) (2017) (citation omitted). These rules "were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently

comprehended by this court." *Orange v. State of Georgia*, 319 Ga. App. 516, 517 (1) (736 SE2d 477) (2013) (punctuation omitted). "While we will nonetheless review [Yeaton's] claims of error to the extent we are able to ascertain them, [she] will not be granted relief should we err in construing [her] nonconforming appellate brief." *Clemmons*, supra (citation omitted).

2. *Facts and procedural posture.*

The record shows that on August 5, 2016, Yeaton filed a petition in probate court for appointment of a guardian for her daughter Stephanie Russell. A hearing was held on September 19, 2016, and a week later, on September 23, 2016, the court entered a final order finding, among other things, that Russell, her grandmother, and her attorney had all requested that Russell's aunt, Nancy Copeland, be appointed as guardian if the court determined that a guardian was necessary. In its final order, the court found that Russell was in need of a guardian and appointed Copeland to serve as her guardian.

On February 24, 2017, Yeaton filed a petition to remove Copeland as guardian, alleging that various acts and decisions of Copeland were not in Russell's best interests. After an evidentiary hearing, the court denied the petition, finding "that

3

based on the testimony and evidence presented at the hearing, there [was] no evidence to support the allegations contained in the [p]etition." This appeal followed.

3. *Failure to show error by the record.*

Upon a petition to revoke a guardianship, "[t]he court shall investigate the allegations and may require such accounting as the court deems appropriate." OCGA § 29-4-52 (a). Upon such investigation, the court, in its discretion, may "[i]ssue any . . . order as in the court's judgment is appropriate under the circumstances of the case." OCGA § 24-9-52 (b) (4). In contesting the probate court's exercise of this discretion, Yeaton has essentially raised a challenge to the sufficiency of the evidence supporting the court's denial of her petition to revoke the guardianship. In her appellate brief, she has made numerous allegations purporting to show that Copeland has denied various rights of Russell, that Copeland is unqualified to be a guardian, and that Yeaton herself should be appointed as guardian.

But Yeaton has failed to support any of those allegations with citations to the record. See Court of Appeals Rule 25 (a) (1) & (c) (2). Moreover, as indicated in her notice of appeal, there is no transcript of the evidentiary hearing held on her petition to remove the guardian, and she has not included a statutorily authorized substitute for the transcript reflecting what occurred at the probate court hearing. See OCGA §

4

5-6-41 (g), (i). "An appellant who alleges error in the trial proceedings has the burden of producing a transcript of the allegedly erroneous matter. Without access to the transcript of the hearing or a statutorily authorized substitute, we must presume that the probate court's ruling was correct and reject [Yeaton's] claim of error." *In re Estate of Coutermarsh*, 325 Ga. App. 288, 291 (2) (752 SE2d 448) (2013) (citations and punctuation omitted). Accord *In the Interest of C. W.*, 342 Ga. App. 484, 485 (1) (803 SE2d 618) (2017) ("based upon the lack of a transcript of the . . . hearing in this appeal, we must presume that the [lower] court's findings were supported and that it did not abuse its discretion").

*Judgment affirmed. Bethel and Gobeil, JJ., concur.*