**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 1, 2019**

# In the Court of Appeals of Georgia

A18A1481. COOK v. SMITH et al.

MCFADDEN, Presiding Judge.

This appeal challenges a trial court order granting summary judgment to the members of a county board of education on the basis of sovereign immunity. Because the trial court correctly ruled that the claims against the board members are barred by sovereign immunity, we affirm.

1. *Record citations.*

The rules of this court require that in an appellant's brief, "[r]ecord and transcript citations shall be to the volume or part of the record or transcript and the page numbers that appear on the appellate record or transcript as sent from the trial court." Court of Appeals Rule 25 (a) (1). The appellant's brief in this case, however, does not contain cites to the appropriate volumes or parts of the appellate record, and

instead references trial court case numbers and records. The appellees' brief adopts the appellant's faulty method and likewise fails to make appropriate citations to the appellate record. See Court of Appeals Rules 25 (b) (1) & (c) (2).

The rules of this court "were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this court." *In re Estate of Russell*, 347 Ga. App. 258, 259 (1) (819 SE2d 68) (2018) (citation and punctuation omitted). "[B]riefs that fail to provide proper citations can hinder this [c]ourt's consideration of the parties' arguments on appeal." *May v. S. E. GA Ford, Inc.*, 344 Ga. App. 459 n. 1 (811 SE2d 14) (2018) (citations and punctuation omitted). And such deficient briefs "are not merely an inconvenience [but may constitute] grounds for refusing to consider a party's contentions." Id. (citation and punctuation omitted). "While we will nonetheless review [the] claims of error to the extent we are able to ascertain them, [the parties] will not be granted relief should we err in construing [their] nonconforming appellate brief[s]." *In re Estate of Russell*, supra (citation and punctuation omitted).

2. *Facts and procedural posture.*

2

In April 2009, Henry Cook, a member of the Randolph County Board of Education, filed an action against three other board members – Don Smith, Dymple McDonald, and James Mock (collectively "the board members"). Cook sought injunctive relief regarding the board members' selection of Mock to serve as board chairman prior to the expiration of Cook's term in that role. The trial court subsequently held Cook in contempt for violating a court order and also found that a local law at issue in the case, which concerned procedures for selecting the board chairperson, was not unconstitutional. Cook appealed to the Georgia Supreme Court, which affirmed the trial court's contempt ruling but reversed its constitutionality ruling, finding that the law in question was not constitutional as applied to Cook. See *Cook v. Smith*, 288 Ga. 409 (705 SE2d 847) (2010).

On the return of the case to the trial court, Cook sought, among other things, to enforce a purported settlement of the case allegedly voted on by the board and to recover attorney fees. The board members moved for summary judgment on, among other grounds, the doctrine of sovereign immunity. In the meantime, Smith and McDonald had filed their own lawsuit against the Randolph County School District, seeking certain injunctive relief. Although Cook was not a party to that lawsuit, the trial court nevertheless consolidated it with Cook's action against the board members.

The trial court did not rule on the board members' motion for summary judgment in Cook's case, but denied Cook's claims to enforce the purported board vote of settlement and for attorney fees, and ordered certain relief in the consolidated lawsuit to which Cook was not a party.

Cook appealed to this court, and we transferred the case to our Supreme Court on the basis that it involves mandamus relief which was, at that time, within the sole jurisdiction of the Supreme Court.[1] The Supreme Court transferred the case back to this court, finding that it does not involve mandamus and instead involves injunctive relief. This court then remanded the case to the trial court, noting that the trial court had not ruled on the issue of sovereign immunity raised by the board members and directing the trial court to hold a hearing and rule on whether sovereign immunity bars Cook's claims. After a hearing, the trial court found that the claims are barred by sovereign immunity and granted summary judgment to the board members. Cook appeals.

3. *Sovereign immunity.*

---

[1]The Supreme Court used to have sole appellate jurisdiction over cases involving the extraordinary remedy of mandamus. See *Liberty County School Dist. v. Halliburton*, 328 Ga. App. 422, 425 (1) (762 SE2d 138) (2014). But OCGA § 15-3-3.1 (a) (4) now gives this court appellate jurisdiction in all cases involving extraordinary remedies, except death penalty cases.

Cook contends that the trial court erred in granting summary judgment to the board members. We disagree.

"Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity." *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) (citations and punctuation omitted). "Simply put, the constitutional doctrine of sovereign immunity forbids our courts [from] entertain[ing] a lawsuit against the [s]tate without its consent." *Lathrop v. Deal*, 301 Ga. 408 (801 SE2d 867) (2017). Accord *Cameron*, supra (sovereign immunity protects all levels of government from legal action unless the immunity has been waived).

> The Georgia Constitution provides: "Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. Art. I, Sec. II, Par. IX (e). This [c]ourt has repeatedly ruled on the scope of this provision. The plain and unambiguous text of the 1991 constitutional amendment shows that only the General Assembly has the authority to waive the [s]tate's sovereign immunity.

*City of Union Point v. Greene County*, 303 Ga. 449, 453 (1) (812 SE2d 278) (2018) (citation and punctuation omitted).

Cook's suit against the board members in their official capacities was in reality a suit against the state that is barred by sovereign immunity unless such immunity has been waived by the general assembly. See *Thigpen v. McDuffie County Bd. of Educ.*, 255 Ga. 59 (335 SE2d 112) (1985) (county board of education entitled to sovereign immunity); *Hennessy v. Webb*, 245 Ga. 329, 330 (264 SE2d 878) (1980) (school boards and other authorities in charge of public schools enjoy sovereign immunity); *DeKalb County School Dist. v. Gold*, 318 Ga. App. 633, 636 (1) (734 SE2d 466) (2012) (school board and board members enjoy sovereign immunity), overruled on other grounds in *Rivera v. Washington*, 298 Ga. 770, 778 n. 7 (784 SE2d 775) (2016). See also *Georgia Assn. of Professional Process Servers v. Jackson*, 302 Ga. 309, 311 (1) (806 SE2d 550) (2017) (sovereign immunity bars claims for injunctive relief). And Cook, as the party seeking to benefit from a waiver of the state's sovereign immunity, has the burden to establish such a waiver. "Sovereign immunity is not an affirmative defense that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the [s]tate, and the waiver must be established by the party seeking to benefit from the waiver." *Bomia v. Ben Hill County School Dist.*, 320 Ga. App. 423, 424 (740 SE2d 185) (2013) (citation omitted).

Cook has failed to meet his burden of establishing a waiver of sovereign immunity. "If the consent of the [s]tate [to a waiver of sovereign immunity] is to be found, it must be found in the [Georgia] Constitution itself or the statutory law." *Lathrop*, supra at 444 (IV). Cook, however, has not pointed to anything in the constitution or to any act by the General Assembly waiving sovereign immunity in this case. Id. at 425-426 (III) ("The parties here point to no statutory law that works a specific waiver of sovereign immunity for suits like this one, and . . . [their claim that] the Constitution of 1983 authorizes such a suit . . . [is] incorrect."). Because Cook has failed to show a waiver of sovereign immunity, the trial court did not err in granting summary judgment to the board members.

4. *Injunctions.*

Cook enumerates that the trial court erred in granting injunctions. It appears that he may be referring to matters in the consolidated case to which he was not a party since he has referenced a hearing held on the motion to consolidate, but he has not cited specific parts of the appellate record where we can find the precise injunctive orders in question or where we can determine if the issues now sought to be asserted were preserved for appellate review. "[I]t is not the duty of this [c]ourt to cull the record on a party's behalf to locate information or facts in support of a party."

7

*Demere Marsh Assoc. v. Boatright Roofing and Gen. Contracting*, 343 Ga. App. 235, 236 n. 1 (808 SE2d 1) (2017). Accord *RTA Strategy v. Silver Comet Terminal Partners*, 347 Ga. App. 266, 270 (1) (817 SE2d 720) (2018) ("It is not the function of this [c]ourt to cull this voluminous record on behalf of any party.") (citation omitted). Accordingly, this enumeration presents nothing for review. See *Henderson v. State*, 304 Ga. 733, 739 (4) (822 SE2d 228) (2018).

5. *Remaining enumerations.*

Given our holdings above, we need not address Cook's remaining enumerations of error.

*Judgment affirmed. Rickman and Markle, JJ., concur.*