**THIRD DIVISION**
**BOGGS AND BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 9, 2014**

# In the Court of Appeals of Georgia

A14A0197. WEBB et al. v. BANK OF AMERICA, N.A.

McFADDEN, Judge.

This appeal is from a trial court order granting a motion to dismiss a complaint for failure to state a claim. Because it does not appear with certainty that the plaintiffs would be entitled to no relief under any set of facts that could be proven in support of their claims, we reverse.

Nancy Webb and Henry Webb filed a complaint against Bank of America, N.A., asserting counts for wrongful foreclosure, intentional infliction of emotional distress, breach of contract, breach of the duty of good faith and fair dealing, declaratory judgment and attorney fees. In support of these counts, they alleged as operative facts that the bank held a mortgage on their house; that they faithfully made timely mortgage payments; that after a financial hardship the parties entered into a

loan modification agreement; that the Webbs made loan payments to the bank pursuant to this agreement for 14 months; that the bank then abruptly stopped accepting loan payments and threatened the Webbs with foreclosure; that the Webbs received a purported foreclosure notice; that the bank in extreme bad faith intentionally breached the written loan modification agreement by refusing to accept payments thereunder; and that the Webbs have suffered extreme mental pain, emotional distress and physical illness requiring medical treatment as a result of the bank's wanton, wilful and malicious conduct.

The bank filed a motion to dismiss the complaint, pursuant to OCGA § 9-11-12 (b) (6), for failure to state a claim upon which relief could be granted. The trial court granted the motion and dismissed the complaint for failure to state a claim. The Webbs appeal.

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. In other words, a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that

2

the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

*Austin v. Clark*, 294 Ga. 773, 774-775 (755 SE2d 796) (2014) (citations and punctuation omitted).

In this case, the allegations of the complaint do not disclose with certainty that the Webbs would not be entitled to relief under any set of provable facts. On the contrary, within the framework of the complaint, they may be able to introduce evidence supporting their allegations, including the bank's purported intentional breach of the loan modification agreement and threats of foreclosure despite the Webbs' alleged compliance with that agreement. Such a state of provable facts could warrant a grant of the relief sought for wrongful foreclosure, breach of contract and their other counts. See *Racette v. Bank of America,* 318 Ga. App. 171 (733 SE2d 457) (2012) (reversing dismissal of claims for wrongful foreclosure, breach of contract, breach of duty of good faith and fair dealing, and attorney fees); *Blue View Corp. v. Bell*, 298 Ga. App. 277, 279 (1) (679 SE2d 739) (2009) (an intentional wrongful foreclosure can be the basis for an action for intentional infliction of emotional distress).

Contrary to the bank's arguments, the purported failure to allege certain elements of the various causes of action set forth in the complaint does not mandate dismissal. "[I]t is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." *Scott v. Scott*, 311 Ga. App. 726, 729 (1) (716 SE2d 809) (2011) (citations and punctuation omitted). Likewise, the bank's own factual allegations, such as its claim that there was no binding modification agreement, do not require dismissal of the complaint for failure to state a claim. "This is factual evidence which may or may not be developed during discovery and can be considered on a subsequent motion for summary judgment." *Austin*, supra at 775. Because it cannot be said with certainty that within the framework of the complaint no evidence could be introduced that would support the claims for relief, "the motion to dismiss should have been denied." *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

*Judgment reversed. Boggs and Branch, J.J., concur.*