**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**September 8, 2014**

# In the Court of Appeals of Georgia

A14A1274. PETERS et al. v. CERTUSBANK NATIONAL ASSOCIATION.

MCFADDEN, Judge.

Bruce and Judie Peters appeal from the trial court's order confirming a non-judicial foreclosure sale conducted by CertusBank National Association. They argue that the confirmation was improper because CertusBank had not complied with OCGA § 44-14-162.2, which among other things requires lenders to notify borrowers of the initiation of foreclosure proceedings through written notice sent according to specified methods of mailing. Because CertusBank did not send the notice by the proper method, we reverse.

1. *Facts and procedural background.*

On appeal from the confirmation of a non-judicial foreclosure sale, we "apply a de novo standard of review to questions of law decided by the trial court." *Mackey v. Fed. Nat. Mtg. Assn.*, 294 Ga. App. 495, 496 (669 SE2d 397) (2008) (citation omitted). We will not overturn the trial court's decision regarding confirmation if there is any evidence to support the decision, and we review the evidence in the light most favorable to the trial court's judgment. *Wilson v. Prudential Indus. Properties*, 276 Ga. App. 180, 180-181 (1) (622 SE2d 890) (2005).

So viewed, the evidence shows that in 2008, the Peterses executed a security deed in connection with a loan encumbering a vacant lot. Among other things, the security deed required the lender to give the Peterses notice prior to accelerating the debt or exercising its right to power of sale. The security deed and other loan documents were assigned to CertusBank.

On June 21, 2012, CertusBank's attorney sent a letter to the Peterses via certified mail, notifying them that they had breached their loan agreement, that CertusBank demanded immediate payment of the debt, that they could cure the breach by payment of a particular sum by a particular date, that their failure to cure the breach "may result in the acceleration of the total sums secured . . . and foreclosure and sale of your property," that they had a right to reinstate the loan or assert legal

2

defenses in a court action, and that they might be liable for attorney fees. In the June 21 letter, CertusBank also expressly reserved its right to exercise any remedies available to it under the security deed and other loan documents.

On June 25, 2012, CertusBank's attorney sent the Peterses a letter titled "Notice of Foreclosure Sale for Property," this time via first-class mail. The June 25 letter enclosed a notice of sale informing the Peterses of the date, place, and time of a scheduled foreclosure sale of the encumbered property. The June 25 letter further provided, "[p]ursuant to OCGA § 44-14-162.2," the name, address, and telephone number of a CertusBank employee with full authority to negotiate, amend, or modify the terms of the security deed. Finally, the June 25 letter stated that it was "being sent to you in order to comply with Georgia statutory foreclosure law requirements."

On August 7, 2012, CertusBank sold the encumbered property. It then filed a proceeding seeking confirmation of the sale. After receiving evidence, the trial court confirmed the sale. The Peterses argue that this was error because, among other reasons, CertusBank did not comply with the notice requirements of OCGA § 44-14-162.2 (a) in its method of mailing the notice. We agree. (For this reason, we need not address the Peterses' argument that CertusBank did not comply with the statutory notice requirements in other respects, as well.)

2. *Applicable law.*

In ruling on a confirmation petition, a trial court "is required not only to determine whether the property sold brought its true market value but also to pass upon the legality of the notice, advertisement, and regularity of the sale." *Martin v. Fed. Land Bank of Columbia*, 173 Ga. App. 142 (325 SE2d 787) (1984) (citations and punctuation omitted). Under OCGA § 44-14-162.2 (a):

> Notice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

Under a prior Code section, such notice was required only for foreclosed properties "used as a dwelling place by the debtor," see former OCGA § 44-14-162.3 (a), but the General Assembly removed this limitation in an amendment effective July 1, 2012. See Ga. L. 2012, p. 1079, § 3. Accordingly, the notice requirements of OCGA § 44-14-162.2 (a) applied to the sale of the property in this case even though it was a

4

vacant lot, because the sale occurred on August 7, 2012, after the amendment's effective date. See *Ciuperca v. RES-GA Seven*, 319 Ga. App. 61, 63-64 (1) (735 SE2d 107) (2012) (using date of foreclosure sale to determine applicability of notice provisions of OCGA § 44-14-162.2 (a) to property not used as dwelling place by debtor).

To comply with the statutory notice requirements, therefore, CertusBank had to use one of the specified methods of delivery to convey to the Peterses in written form the information specified in OCGA § 44-14-162.2 (a). Neither the June 21 letter nor the June 25 letter met this requirement.

3. *June 21 letter.*

Contrary to CertusBank's assertion on appeal, the June 21 letter was not a "[n]otice of the initiation of proceedings to exercise a power of sale" under OCGA § 44-14-162.2 (a). In other correspondence with the Peterses, CertusBank described the June 21 letter as an "Initial Communication Letter," and the contents of the June 21 letter support that description. Pertinently, the June 21 letter did *not* state that CertusBank was initiating foreclosure proceedings, but only that it might initiate such proceedings in the future.

Nevertheless, CertusBank argues that we should construe the June 21 letter to substantially comply with the requirements of OCGA § 44-14-162.2 (a). But we must strictly construe that Code section because it is in derogation of common law. *WCI Properties v. Community & Southern Bank*, 320 Ga. App. 671, 674 (1) (740 SE2d 686) (2013). It is true that we have permitted substantial compliance with OCGA § 44-14-162.2 (a) in a limited circumstance involving the requirement to provide certain contact information. See *TKW Partners v. Archer Capital Fund*, 302 Ga. App. 443, 445-446 (1) (691 SE2d 300) (2010) (permitting substantial compliance where notice listed contact information for an individual – the lender's attorney – who had "as much authority as any individual to negotiate a loan modification on [the lender's] behalf, [in circumstances where] there was no individual at [the lender] with full authority to modify the loan because [that] would be a group decision") (punctuation omitted); see also *Stowers v. Branch Banking & Trust Co.*, 317 Ga. App. 893, 896 (1) (731 SE2d 367) (2012) (noting that holding in *TKW Partners* stands for the principle "that substantial compliance with the contact information requirement of OCGA § 44-14-162.2 (a) is sufficient"). We decline to extend that holding to allow CertusBank, after the fact, to recharacterize its "Initial Communication Letter" as a notice of the initiation of foreclosure proceedings.

6

4. *June 25 letter.*

Unlike the June 21 letter, CertusBank presented its June 25 letter to the Peterses as its "Notice of Foreclosure Sale for Property," and that letter's contents support that characterization. The letter references OCGA § 44-14-162.2 (a) and sets forth the information required by that Code section. It refers to an enclosed copy of the notice of the foreclosure sale of the property that was sent for publication, and it provides the date and place of the scheduled sale. Finally, the June 25 letter states that it is being sent to the Peterses "in order to comply with Georgia statutory foreclosure law requirements."

Nevertheless, the June 25 letter did not satisfy OCGA § 44-14-162.2 (a)'s requirement that the notice "be sent by registered or certified mail or statutory overnight delivery, return receipt requested[.]" OCGA § 44-14-162.2 (a). CertusBank sent the letter via regular first class mail. Regular mail delivery does not satisfy a statutory requirement prescribing another delivery method. See *Swanigan v. Leroux*, 240 Ga. App. 550, 550-551 (1) (524 SE2d 244) (1999) (trial court did not err in granting defendant summary judgment based on lack of service where plaintiffs served action by regular mail and applicable statute required service by registered or

certified mail). Consequently, CertusBank did not meet the notice requirements of OCGA § 44-14-162.2 (a), and the trial court erred in confirming the foreclosure sale.

*Judgment reversed. McFadden and Ray, JJ. concur; Andrews, P. J., concurs in the judgment only.*