**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**February 25, 2015**

# In the Court of Appeals of Georgia

A14A1842. IKOMONI v. BANK OF AMERICA, N. A.

McFadden, Judge.

This appeal is from a trial court order granting a motion to dismiss a complaint for failure to state a claim. Because it does not appear with certainty that the plaintiff would be entitled to no relief under any set of facts that could be proven in support of his claims, we reverse.

Alexander Ikomani filed a pro se complaint against Bank of America, N.A., asserting counts for wrongful foreclosure, mental anguish and punitive damages. In support of these counts, he alleged as operative facts that he had acquired interests in two properties by quitclaim deed; that the deeds were recorded; that the bank knew or should have known of his ownership from conversations with him and his repeated calls informing it of his interest; that the bank foreclosed on the properties without

giving him any notice of the foreclosure or advertising the foreclosure as required by law; that the price realized at the foreclosure sale was inadequate; and that he has suffered extreme mental anguish as a result of the bank's wanton, reckless, extreme and outrageous conduct.

The bank filed a motion to dismiss the complaint, pursuant to OCGA § 9-11-12 (b) (6), for failure to state a claim upon which relief could be granted. The trial court granted the motion and dismissed the complaint for failure to state a claim. Ikomani appeals.

A trial court should not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless:

> (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. In other words, a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be

2

introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

*Webb v. Bank of America, N.A.*, 328 Ga. App. 62, 63 (761 SE2d 485) (2014) (citation omitted). Moreover, "[a] *pro se* complaint[, such as Ikomoni's] is not held to stringent standards of formal pleadings." *Johnson v. Jones*, 178 Ga. App. 346, 349 (343 SE2d 403) (1986) (citations omitted).

In this case, the allegations of the complaint do not disclose with certainty that Ikomoni would not be entitled to relief under any set of provable facts. On the contrary, within the framework of the complaint, he may be able to introduce evidence supporting his allegations, including that the bank acknowledged his ownership of the property, which he used as a dwelling place, so that he was entitled to notice under OCGA §§ 44-14-162.1 and then-applicable 44-14-162.3,[1] yet the bank did not notify him of the foreclosure as required by OCGA § 44-14-162.2. Such a

---

[1]Under the version of OCGA § 44-14-162.3 applicable to this case, a secured creditor was required to give OCGA § 44-14-162.2 (a) notice only for foreclosed properties "'used as a dwelling place by the debtor,' . . . but the General Assembly removed this limitation in an amendment effective July 1, 2012." *Peters v. CertusBank Natl. Assn.*, 329 Ga. App. 29, 31 (2) (763 SE2d 498) (2014) (citation omitted) (physical precedent). Under the amended version of the statute, the secured creditor must give notice to all debtors, regardless of whether the property is used as a dwelling place. See id.

3

state of provable facts could warrant a grant of the relief sought for wrongful foreclosure and the other counts. *Webb*, 328 Ga. App. at 63. A motion to dismiss addressed to an entire complaint, such as the bank's, should not be granted if the complaint sets forth at least one claim. *Walker v. Gowen Stores LLC*, 322 Ga. App. 376, 378 (745 SE2d 287) (2013).

Ikomoni's purported failure to allege certain elements of the various causes of action set forth in the complaint does not mandate dismissal because

> [i]t is no longer necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. Likewise, the bank's own factual allegations, such as its claim that [Ikomoni was not a debtor as defined in the statute and thus was not entitled to notice], do not require dismissal of the complaint for failure to state a claim. This is factual evidence which may or may not be developed during discovery and can be considered on a subsequent motion for summary judgment. Because it cannot be said with certainty that within the framework of the complaint no evidence could be introduced that would support the claims for relief, the motion to dismiss should have been denied.

*Webb*, 328 Ga. App. at 64 (citations and punctuation omitted).

*Judgment reversed. Andrews, P. J., and Ray, J., concur.*

4